UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT ALLEN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDY JASSEY, *et al*., ) <br> ) <br> Defendants. ) | Civil Action No. 1:22-cv-01343 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff Kent Allen, Jr., a resident of Florida, sues his father, Kent Allen, Sr., who he merely indicates is located in Milton, Delaware, but that he "can't write [the] exact address." Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do. He also sues CEO of Amazon, who is located at an address in Seattle, Washington.

He alleges that defendants caused "harm to [his] reputation after previous complaints filed due to corporation use of public communication mediums . . . in reference to [his] personal lifestyle and living situation[,]" as well as his "work performance." He goes on to state that defendants "did slander [him] by use of the general public, threatening images directed toward [him][,]" invaded his "privacy by checking [his] bank accounts" and by discerning his "whereabouts by way of local bus." He demands between $125,000 and $150,000 in damages.

Put simply, the complaint consists of a random collection of statements without clarity or particularity. Plaintiff provides no factual context or information to connect the two named defendants or to make out any discernible claim, or any basis for jurisdiction or venue. An order consistent with this memorandum opinion is issued separately.

_____<br>
TREVOR N. McFADDEN<br>
United States District Judge

Dated: May 31, 2022

2